Kevin BUSSEY, Petitioner–Appellant,

v.

Charles GREINER, Respondent–Appellee.

No. 07–3999–pr.

United States Court of Appeals, Second Circuit.

April 7, 2009.

Robert J. Boyle, New York, N.Y., for Petitioner–Appellant.

Thomas Litsky, Assistant Attorney General (Barbara Underwood, Solicitor General, Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters, on the brief) for Andrew M. Cuomo, Attorney General of the State of New York, for Respondent–Appellee.

Present: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner-appellant Kevin Bussey appeals from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*) dated August 30, 2007, dismissing his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and granting a certificate of appealability as to his conflict of interest claim. We assume the parties' familiarity with the facts, procedural background, and specification of issues on appeal.

Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus on behalf of a person in state custody shall not be granted unless the adjudication of the claim in state court:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "We review a district court's denial of a petition for a writ of habeas corpus de novo." *Jones v. West*, 555 F.3d 90, 95 (2d Cir.2009).

As an initial matter, we reject Bussey's claim that because the district court held an evidentiary hearing, AEDPA deference is not due in this case. AEDPA deference applies to "any claim that was adjudicated on the merits in State court proceedings." 28 U.S.C. § 2254(d); *see Eze v. Senkowski*, 321 F.3d 110, 121 (2d Cir.2003) ("[Section § 2254(d) ] contains unequivocally mandatory language."). And, although the district court held the evidentiary hearing, it held the habeas proceedings in abeyance so that Bussey

**56**

could exhaust his state court remedies, *see* 28 U.S.C. § 2254(b)(1)(A), following which the state court decided the questions with the benefit of the transcript from the evidentiary hearing. There is thus no question that Bussey's claim that he was denied the right to conflict-free counsel was "adjudicated on the merits" in state court. *See Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001) ("For the purposes of AEDPA deference, a state court 'adjudicates' a state prisoner's federal claim on the merits when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." (alteration omitted)). We must therefore accord deference to the state court's decision.

Bussey next argues that even so, the state court's denial of his conflicted counsel claim was unreasonable under AEDPA standards. An "actual conflict" occurs "when the interests of a defendant and his attorney diverge with respect to a material factual or legal issue or to a course of action," and the conflict "violate[s] the Sixth Amendment when counsel's representation of the client is adversely affected by the existence of the conflict." *Ventry v. United States,* 539 F.3d 102, 111 (2d Cir. 2008) (citation, alteration, and quotation marks omitted). If a petitioner demonstrates a conflict and that counsel's representation was adversely affected, "prejudice is presumed." *Eisemann v. Herbert,* 401 F.3d 102, 107 (2d Cir.2005) (alteration omitted).

■ Bussey's claim fails because he has not demonstrated that he and his trial attorney had divergent interests of the sort that give rise to an actual conflict of interest. *See United States v. White,* 174 F.3d 290, 296 (2d Cir.1999) (describing attorney conduct leading to actual conflict as "extremely serious and, we would hope, unusual"). Bussey has identified a commonplace disagreement with his trial at-

torney as to trial tactics, which we have held is insufficient to give rise to an actual conflict. *See United States v. Jones,* 482 F.3d 60, 75 (2d Cir.2006) ("[If] the only basis asserted by [petitioner] for his claim [is] that his attorneys had a conflict of interest ... [because] they disagreed as to tactics, [petitioner] has not shown an actual conflict of interest."); *United States v. Moree,* 220 F.3d 65, 71 (2d Cir.2000) (noting that although "[i]t is commonplace for ... a defendant to allege" ineffective assistance of counsel, "an actual conflict of interest does not necessarily arise every time that an attorney responds to allegations of incompetent representation or contradicts his client in open court." (quotation marks omitted)).

Because Bussey has failed to establish an "actual conflict of interest" giving rise to a deprivation of his Sixth Amendment right to counsel, we affirm the judgment of the district court.